

**SIGNED this 06th day of October, 2011.**

_____
**JOHN C. AKARD
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

Western District of Texas
San Antonio Division

| | |
|---|---|
| *In re* | BANKR. CASE NO. |
| DIANE WOOD BENNETT | 10-53388 |
| *Debtor* | |
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS<br><br>     *Plaintiff,*<br>v.<br><br>DIANE WOOD BENNETT<br><br>     *Defendant.* | ADV. NO. 10-05137 |

**SUGGESTION FOR WITHDRAWAL OF REFERENCE**

     The undersigned Bankruptcy Judge respectfully requests the United States District Judge to withdraw the reference of the captioned adversary proceeding because:

1

1. This adversary proceeding involves the same parties and the same issues as a case presently pending in the United States District Court for the Western District of Texas.
2. In many instances, the subject matter and the relief the parties are requesting are beyond the jurisdiction of the Bankruptcy Court.
3. The decision in this adversary proceeding will not affect the underlying Bankruptcy case, which has been closed.

**Discussion**

Withdrawal of Reference:

Bankruptcy cases are filed in the United States District Court. They are automatically referred to the Bankruptcy Court by a general order of reference. *See* Bankruptcy Local Rule 1001(f) ("By standing order of the District Court, all cases under Title 11, and all proceedings and matters arising in, arising under or related to a case under Title 11 are referred to the Bankruptcy Court for this District."). Once a case has been referred to the Bankruptcy Court,

> The district court may withdraw, in whole or in part, any case or proceeding referred under [28 U.S.C. § 157(a)], on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

United States District Court Suit

The Plaintiff in the above-captioned adversary proceeding, American Registry of Radiologic Technologists ("ARRT") originally filed suit against the captioned Defendant/Debtor ("Bennett") and Limited X-Ray Licensure Course Providers, LCC ("Limited X-Ray") (Bennett's wholly-owned limited liability company) in the District Court for the District of Minnesota on April 22, 2009. ARRT is a nonprofit organization that develops and administers a number of examinations that many states, including Texas, use to license individuals to practice in certain fields of medical radiologic technology. Bennett, through Limited X-Ray, offered radiology examination preparation courses. ARRT's district court lawsuit against Bennett and Limited X-Ray, captioned *The American Registry of Radiologic Technologists v. Diane Wood Bennett and Limited X-Ray Licensure Course Providers, LLC*, Case No. 0:09-cv-00933-RHK-FLN, included claims for copyright and trademark infringement, unfair competition, and breach of contract. In September, 2009, ARRT's lawsuit was transferred to the District Court for the Western District of Texas under the caption *The American Registry of Radiologic Technologists v. Diane Wood*

*Bennett and Limited X-Ray Licensure Course Providers LLC*, Case No. 5:09-cv-00767-XR. In December, 2009, ARRT filed a First Amended Complaint in the District Court for the Western District of Texas alleging copyright infringement, breach of contract, tortious interference, and trade secret misappropriation (the "District Court Suit").

On September 2, 2010, Bennett filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the Bankruptcy Court for the Western District of Texas, Case No. 10-53388. Limited X-Ray had previously filed a Chapter 7 bankruptcy petition in this court on August 30, 2010, Case No. 10-53275. On September 17, 2010, following the filing of Bennett's and Limited X-Ray's bankruptcy cases, ARRT filed a Suggestion of Bankruptcy in the District Court, notifying the District Court that Bennett had sought Chapter 7 bankruptcy protection. As a result of Bennett's Chapter 7 bankruptcy filing, the District Court Suit remains subject to the automatic stay pursuant to 11 U.S.C. § 362.

Bennett's Bankruptcy Case

On September 29, 2010, ARRT filed a Motion for Relief from Automatic Stay to Proceed with Forensic Examination of Debtor's Computers (the "Lift Stay Motion") in Bennett's bankruptcy case. The Lift Stay Motion sought the limited relief of conducting a forensic computer examination of Bennett's computers; the Lift Stay Motion did not seek general relief from the automatic stay to pursue the District Court Suit. On October 25, 2010, following a hearing on the Lift Stay Motion, this court entered an Order granting the Lift Stay Motion [Docket No. 9].

On October 12, 2010, the Chapter 7 Trustee filed a Report of No Distribution in Bennett's bankruptcy case, stating that "there is no property available for distribution from the estate over and above that exempted by law." Bennett received her discharge on December 20, 2010, and her case was closed on January 1, 2011.[1]

This Adversary Proceeding[2]

On December 13, 2010, ARRT filed an adversary proceeding against Bennett in this court, Case No. 10-05137 (the "Adversary Complaint"). ARRT's Adversary Complaint alleges claims of copyright infringement, breach of contract, tortious interference, trade secret misappropriation, and an objection to dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6) for willful and malicious injury to ARRT and its property. ARRT's complaint seeks injunctive

---

[1] Limited X-Ray's bankruptcy case was closed on May 9, 2011 after the Chapter 7 Trustee filed a Report of No Distribution.
[2] An adversary proceeding is a separate lawsuit filed within the context of a debtor's over-arching bankruptcy case that relates to the debtor or to assets of the bankruptcy estate.

relief and either compensatory or statutory damages (upon ARRT's later election).[3] The parties have been engaged in contentious discovery since the filing of the Adversary Complaint, but this court recently declined to extend the discovery deadline and entered an order denying certain unproductive motions to compel filed by both parties [*See* Docket No. 109]. ARRT has not filed an amended complaint in this adversary proceeding. However, in open court on September 22, 2011, ARRT announced that it is no longer seeking actual damages, but will seek only statutory damages against Bennett for the asserted copyright infringements.

The great weight of ARRT's Adversary Complaint involves claims over which this court has no jurisdiction. ARRT's Adversary Complaint asserts state law claims for breach of contract, tortious interference and trade secret misappropriation, as well as a federal claim for copyright infringement. Finally, ARRT's Adversary Complaint includes one non-dischargeability claim brought under section 523(a)(6) of the Bankruptcy Code. Section 523(a)(6) excepts from discharge any debt incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

Section 1334 of Title 28 provides:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(a)-(b). The term 'cases under title 11' refers to the bankruptcy petition itself, which is not applicable here. *See Grant v. Askanase*, No. H-09-3964, 2010 U.S. Dist. LEXIS 100918, at *21 (S.D. Tex. Sept. 24, 2010). Regarding "arising under" and "arising in" jurisdiction, the Bankruptcy Court for the Western District of Texas explained the distinction as follows,

['arising under' jurisdiction] provides jurisdiction to courts for causes of action created under a provision of title 11. In other words, bankruptcy jurisdiction exists for 'any matter under which a claim is made under a provision of title 11.' For example, the claim of exemptions under 11 U.S.C. § 522, a claim of discrimination in violation of 11 U.S.C. § 525, and any action by a trustee under an avoiding power would all be proceedings that 'arise under' a bankruptcy case....

---

[3] ARRT also filed a nearly identical adversary proceeding against Limited X-Ray in this court on the same day, Case No. 10-05138. On September 13, 2011, the Clerk of this Court entered a default judgment against Limited X-Ray after Limited X-Ray failed to file an answer through counsel per a prior order entered by this court [Docket No. 72].

> Proceedings that 'arise in' bankruptcy cases are '"administrative" matters that arise *only* in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.'

*Wells Fargo Home Mortg. v. Mounce (In re Mounce)*, No. SA-08-CA-816-XR, 2009 U.S. Dist. LEXIS 76540, at *8-9, 14 (W.D. Tex. Aug. 26, 2009) (citations omitted).

Lastly, "[c]ases 'related to' the bankruptcy case are those whose outcome could have any conceivable effect on the estate being administered in bankruptcy." *Morrison v. Western Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 479 (5th Cir. 2009). "'[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankrupt estate. Conversely, the bankruptcy court has no jurisdiction over a matter that does not affect the debtor.'" *CBI Eastchase, L.P. v. Farris (In re e2 Communs., Inc.)*, No. 05-3051-BJH, 2005 Bankr. LEXIS 3250, at *10 n.5 (Bankr. N.D. Tex. Mar. 24, 2005) (quoting *Feld v. Zale Corp. (In re Zale)*, 62 F.3d 746, 753 (5th Cir. 1995)); *Equity Broad Corp. v. Shubert (In re Winstar Communs. Inc.)*, 284 B.R. 40, 50 (Bankr. D. Del. 2002) (citing *Pacor v. Higgins*, 743 F.2d 984 (3d Cir. 1984)). Cases arising under or arising in a bankruptcy case are core proceedings, while cases related to a bankruptcy case are non-core proceedings. *Morrison*, 555 F.3d at 479.

ARRT's state law and federal copyright claims neither arise under nor arise in a case under Title 11. Bennett has already received her discharge and her Chapter 7 case has been closed. Accordingly, the only possible avenue for this court to exercise jurisdiction over ARRT's non-bankruptcy claims is the "related to" prong of section 1334(b). Here, however, any potential recovery by ARRT under its state law and/or federal copyright law claims has already been discharged through Bennett's bankruptcy case. *See* 11 U.S.C. § 524. The resolution of ARRT's non-bankruptcy claims will thus have no impact whatsoever on the administration of Bennett's bankruptcy estate. Accordingly, the bankruptcy court does not have even "related to" bankruptcy jurisdiction over these claims.

Regarding ARRT's single bankruptcy claim for a determination of non-dischargeability of debt under section 523(a)(6) of the Code, although the underlying debt has not yet been liquidated in a court of competent jurisdiction, ARRT's non-dischargeability claim is a core matter over which this court certainly has jurisdiction. This court also has the authority to render a monetary judgment on any debt deemed non-dischargeable. As explained by the Fifth Circuit in *Morrison*:

> Although determining that a debt is nondischargeable is plainly a 'core' proceeding governed by a specific provision of the Bankruptcy Code, the rendition of a monetary

5

judgment in favor of the creditor on that debt is not itself a core proceeding and, further, is not clearly related to the bankruptcy case or administration of the debtor's estate. Indeed, that portion of the judgment has, in the usual case, no bearing on the bankruptcy case because it requires the debtor to pay a single debt outside of, apart from, and even after the completion of bankruptcy, and it frees the creditor thereafter from limiting its collection efforts to those afforded by the bankruptcy system …

[Nonetheless][,] [b]ecause the arguments of tradition and pragmatism make sense, and because no Fifth Circuit law holds to the contrary, we opt to follow the overwhelming authority and agree that the bankruptcy court had jurisdiction to enter judgment against [the debtor] for the debt owed to [the creditor] after it found the debt nondischargeable.

*Morrison*, 555 F.3d at 479-80.

Although this court has the jurisdiction to decide ARRT's non-dischargeability claim and render a money judgment thereon, ARRT's non-dischargeability claim is intricately intertwined with and dependent on the same facts as those asserted in support of ARRT's un-liquidated non-"related to", state law and federal copyright claims. Furthermore, the bankruptcy court's jurisdiction over non-dischargeability claims is not exclusive. Bankruptcy courts share jurisdiction over non-dischargeability claims with the district courts. *See* 28 U.S.C. § 1334(a)-(b); *Long v. Williams (In re Williams)*, No. 09-3163, 2009 Bankr. LEXIS 3191, at *3 (Bankr. S.D. Tex. Oct. 13, 2009) ("The district court and its adjunct the bankruptcy court have exclusive jurisdiction over objections to dischargeability of debt under § 523(a)(2). When a creditor seeks determination of dischargeability of a claim that has not been liquidated, the district court and its adjunct the bankruptcy court have jurisdiction to adjudicate liability vel non and the quantum of the claim, vis a vis the creditor and the bankruptcy debtor."); *In re Clark*, No. 10-20466-TLM, 2011 Bankr. LEXIS 2985, at *17 (Bankr. D. Idaho July 29, 2011) (federal courts have exclusive jurisdiction over non-dischargeability claims brought under 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6)).

As noted above, if this court were to adjudicate ARRT's section 523(a)(6) non-dischargeability claim, the court would necessarily have to hear evidence on and consider ARRT's state law and federal copyright infringement allegations in the process of evaluating ARRT's non-dischargeability claim. The District Court is the most appropriate forum for hearing both ARRT's state law and copyright infringement claims. In *Isbell v. DM Records, Inc. (In re Isbell Records, Inc.)*, the bankruptcy court for the Eastern District of Texas suggested withdrawal of the reference after concluding that it had no jurisdiction over a debtor's state law and copyright infringement claims. No. 04-4242, 2007 Bankr. LEXIS 4952, at *25-26 (Bankr. E.D. Tex. Mar. 29, 2007). Said the court:

> In this case, reference to state contract law and/or federal copyright law, not the Bankruptcy Code or any substantive rights or provisions therein, will resolve the parties' dispute. This Court has no particular expertise in determining copyright claims. Further, a final judgment in this proceeding will not affect [the debtor], [the debtor's] creditors, the administration of [the debtor's] bankruptcy estate (which no longer exists), or any prior order of this Court. In short, a successful outcome will not generate additional funds for [the debtor's] creditors, and a negative outcome will not impose any additional liabilities on [the debtor's] bankruptcy estate.…
>
> In this case, in light of the non-core nature of this proceeding, its lack of any substantive relationship with [the debtor's] bankruptcy, and the pending jury demand, the Court does not have jurisdiction over this dispute and withdrawal of the reference, if not mandatory, is at least permissive.

*Id*. at *25-26, *30. *See also Deep v. Recording Indus. Ass'n (In re Deep)*, No. 04-90037, 2004 Bankr. LEXIS 2513, at *3-4 (Bankr. N.D.N.Y. Sept. 28, 2004) (noting that, if the case had not been dismissed, "at some point, the [bankruptcy] court probably would have abstained from hearing the adversary proceeding as the substance, antitrust and copyright infringement, would best be addressed by the District Court."). Similarly, the outcome of ARRT's suit against Bennett will have no impact on the administration of Bennett's now-closed, no-asset bankruptcy case.

Furthermore, ARRT's case is already pending in the District Court for the Western District of Texas, which has jurisdiction over the copyright claim pursuant to 28 U.S.C. § 1338(a), and has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(a). *See Seastrunk v. Darwell Integrated Tech.*, No. 3:05-CV-0531-BF(G) ECF, 2008 U.S. Dist. LEXIS 26498, at *2, *19 (N.D. Tex. Mar. 28, 2008). The District Court also has jurisdiction over ARRT's state law claims pursuant to 28 U.S.C. § 1332 because Bennett is a citizen of Texas, ARRT is a citizen of Minnesota, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

As a final note, resolution of ARRT's non-dischargeability claim will also have no impact on the administration of Bennett's bankruptcy estate. The Chapter 7 Trustee filed a Report of No Distribution asserting that Bennett's bankruptcy estate does not possess any non-exempt assets for distribution to creditors. Bennett's bankruptcy case was closed on January 4, 2011 following her December 20, 2010 discharge. Accordingly, any recovery by ARRT will in no way affect Bennett's bankruptcy case.

### Conclusion

The court respectfully maintains that withdrawal of the reference is appropriate in this case. *See Isbell v. DM Records, Inc.*, 2008 U.S. Dist. LEXIS 121444, at *1-2 (E.D. Tex. Mar. 24, 2008) (withdrawing reference, pursuant to section 157(d), of adversary proceeding "involving a dispute over copyright infringement"). Accordingly, the court respectfully requests that the United States District Court for the Western District of Texas withdraw the reference of the captioned adversary proceeding.

###